JUDGE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COGENT BRAIN, PS,<br><br>Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, INC., a Washington corporation, and FIRST NATIONAL INSURANCE OF AMERICA, a Washington corporation; LIBERTY MUTUAL FIRE INSURANCE CO. and LIBERTY MUTUAL INSURANCE COMPANY, foreign insurance companies,<br><br>Defendants. | No. 2:23-cv-00544 RSM<br><br>DEFENDANTS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, RCW 19.86 *et seq.* AND COUNTERCLAIM FOR DECLARATORY JUDGMENT |
| LAWRENCE A. THOMAS, DC, PS, d/b/a CAPITOL HILL CHIROPRACTIC and BC CHIROPRACTIC d/b/a Cooper Chiropractic,<br><br>Plaintiffs,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, INC., a Washington corporation, and FIRST NATIONAL INSURANCE OF AMERICA, a Washington corporation,<br><br>Defendants | No. 2:23-cv-00545 |

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Defendants Safeco Insurance Company of American, Inc., First National Insurance Company of America (improperly named as First National Insurance of America), Liberty Mutual Fire Insurance Company, and Liberty Mutual Insurance Company answer to the Class Action Complaint for Violation of Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*, in this case (the "Complaint") as follows:

I. The Parties

1. Plaintiff Lawrence A Thomas DC PS, d/b/a Capitol Hill Chiropractic ("Plaintiff" or "CMC"), is a chiropractic office located in Seattle, Washington.

ANSWER: Defendants admit the allegations in Paragraph 1 of the Complaint.

2. Plaintiff BC Chiropractic, d/b/a Cooper Chiropractic Center for Health & Wellness (Plaintiff or "Cooper Chiro") is a chiropractic office located in Vancouver, Washington.

ANSWER: Defendants admit the allegations in Paragraph 2 of the Complaint.

3. Defendants Safeco Insurance Company of America, Inc. and First National Insurance of America are Washington insurance companies with their principal place of operations or operational center in the state of Washington and King County (collectively "Safeco"). They are licensed to do business in Washington and do business in King County. Over this period, each company has sold and administered automobile insurance policies with PIP coverage.

ANSWER: Defendants admit both Safeco Insurance Company of America and First National Insurance Company of America are licensed to do business in the State of Washington, do business in King County, and write auto insurance policies with PIP coverage. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

41434382.1
DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 *et seq.*– 2
SLE6892.056/4458698X
41573970.1



WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

4.      Defendants Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company are foreign insurance companies (collectively "Liberty"). They are licensed to do business in Washington and do business in King County. Over this period, each company has sold and administered automobile insurance policies with PIP coverage.

ANSWER:  Defendants admit the allegations in Paragraph 4 of the Complaint.

5.      During the Class Period, Safeco was a wholly owned subsidiary of the Liberty Mutual Insurance Company, was one of the Liberty Mutual Group of insurance companies and identified in EORs or EOPs as "a Liberty Mutual Company."

ANSWER:  Defendants deny that the EORs or EOP's in question for Cooper Chiro identify Safeco as a "Liberty Mutual Company." Defendants admit the remaining allegations in Paragraph 5 of the Complaint.

6.      Liberty Mutual controlled the PIP claims handling practices, procedures and use of the geographic database process of reducing Class member reimbursements by all Defendants, including Safeco and First National.

ANSWER:  Defendants deny the allegations in Paragraph 6 of the Complaint.

7.      Plaintiffs provided care and treatment to one or more patients who had PIP coverage under an automobile insurance policy issued by LM subsidiary Safeco.

ANSWER:  Defendants deny the allegations in Paragraph 7 of the Complaint with respect to Thomas.  Defendants admit Cooper Chiro provided care and treatment to one or more patients who had PIP coverage from First National Insurance Company of America. Defendants deny the remaining allegations of Paragraph 7.

8.      One or more of the complained-of reductions and acts at issue happened in King County, Washington.

ANSWER:  Defendants deny the allegations in Paragraph 8 of the Complaint.

41434382.1
DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 *et seq.*– 3
SLF6892,056/4458698X
41573970.1



1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

9. Plaintiffs are not members of the class certified in Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual Ins. Co. et al, Illinois Cir. Ct., St. Clair County, Case no. 14- L-521.

ANSWER: Defendants deny the allegations in Paragraph 9 of the Complaint with respect to Thomas. Further answering, Defendants state that Thomas was a member of the *Lebanon* class.

## II. FACTS

10. In 2021 and 2022, Capitol Hill Chiropractic ("Capitol Hill Chiro") and BC Chiropractic ("Cooper Chiro") provided health care services in treating one or more patients who had Personal Injury Protection ("PIP") coverage from Safeco ("defendant insurer.")

ANSWER: Defendants are without sufficient information to admit or deny whether Thomas or Capitol Hill Chiro provided health care services to patients covered by PIP coverage from the two Safeco entities named. Defendants admit the remaining allegations in Paragraph 10 of the Complaint.

11. Between April 2021 and the present, Capitol Hill Chiro and Cooper Chiro billed Safeco for the treatment services at their usual and customary and reasonable rates for the services.

ANSWER: Defendants are without sufficient information to either admit or deny the allegations in Paragraph 11 of the Complaint.

12. Safeco determined that Capitol Hill Chiro and Cooper Chiros' treatment charges were covered under Safeco's PIP coverage.

ANSWER: Defendants deny the allegations in Paragraph 12 of the Complaint.

13. For one or more of the covered treatment services Safeco reduced Capitol Hill Chiro and Cooper Chiro's charges and reimbursements for the services provided based solely on a computer review of the charges using a geographic database of charges.

ANSWER: Defendants deny the allegations in Paragraph 13 of the Complaint.

41434382.1
DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 *et seq.*– 4
SLF6892,056/4458698X
41573970.1



WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

14. Safeco did not do any individualized assessment of the reasonableness of the charges and relied solely on the database review for denying full payment of the charges ("geographic database reduction practice").

ANSWER: Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Safeco sent Capitol Hill Chiro and Cooper Chiro reduced checks for the services provided based on Safeco's geographic database reduction practice.

ANSWER: Defendants deny the allegations in Paragraph 15 of the Complaint.

16. When Safeco reduced Capitol Hill Chiro and Cooper Chiro's charges and reimbursed the charges at less than the full amount billed, the full amount billed for Capitol Hill Chiro and Cooper Hill Chiro's services was the same amount that other PIP insurers had paid them, was their usual and customary rate for such services, and was reasonable.

ANSWER: Defendants deny the allegations in Paragraph 16 of the Complaint.

17. As a result of Safeco's geographic database reduction practice, Capitol Hill Chiro and Cooper Hill Chiro incurred administrative and other out of pocket expenses to contest the reductions as well as other damages.

ANSWER: Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Safeco is a wholly-owned subsidiary of Liberty.

ANSWER: Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Safeco and Liberty use the same claims and bill processing software, policies, procedures, and personnel.

ANSWER: Defendants admit the allegations in Paragraph 19 of the Complaint.

20. Safeco and Liberty claims adjusters are the same.

ANSWER: Defendants admit the allegations in Paragraph 20 of the Complaint.

21. Liberty employs identical practices with its Washington insureds and Washington providers as outlined in 11-15 above.

ANSWER: Defendants deny the allegations in Paragraph 21 of the Complaint.

41434382.1
DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 *et seq.*– 5
SLF6892.056/4458698X
41573970.1

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

### III.   CLAIMS

22.   Defendants' geographic database practice is unlawful under Washington law and an unfair insurance claims handling practice that violates Washington regulations governing Fair Claims Handling Practices.

ANSWER:  Defendants deny the allegations in Paragraph 22 of the Complaint.

23.   Defendants' geographic database practice is an unfair practice that violates the Washington Consumer Protection Act.

ANSWER:  Defendants deny the allegations in Paragraph 23 of the Complaint.

### IV.   CLASS ALLEGATIONS

24.   There is a class of similarly situated Washington health care providers who had their reimbursements for services provided on covered Personal Injury Protection ("PIP") claims by one or more of the Defendants from February 27, 2019 to present through Defendants' common practice of reducing PIP reimbursements based solely on review using a geographic database of charges without any individualized assessment of the reasonableness of the charges prior to the reduced payment being made by Defendants ("the Class").

ANSWER:  Defendants deny the allegations in Paragraph 24 of the Complaint.

25.   On information and belief, the Class consists of at least 200 Washington providers who are geographically dispersed over the state of Washington.

ANSWER:  Defendants admit that the class, as defined, includes more than 200 providers but are without sufficient information to either admit or deny the remaining allegations in Paragraph 25 of the Complaint.

26.   Plaintiffs Capitol Hill Chiro and Cooper Chiro are members of the Class.

ANSWER:  Defendants admit that Capitol Hill and Cooper Chiro are members of the class as defined.  Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

41434382.1
DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 *et seq.*– 6
SLF6892,056/4458698X
41573970.1



WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

27. The Class claims that Defendants' geographic database practice is unlawful under Washington law and an unfair insurance claims handling practice that violates Washington regulations governing Fair Claims Handling Practices.

ANSWER: Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants' geographic database practice is an unfair practice that violates the Washington Consumer Protection Act.

ANSWER: Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants' geographic database practice has caused Capitol Hill Chiro, Cooper Chiro, and the Class economic injury to their business and damages in the form of lower reimbursements, administrative costs and/or out of pocket expenses.

ANSWER: Defendants deny the allegations in Paragraph 29 of the Complaint.

30. On information and belief, it is currently believed that the Class damages do not exceed $5 million and the full extent of Class relief available relief will not exceed $5 million. The full relief of individual relief for the individually named Plaintiffs is believed not to exceed $50,000.

ANSWER: Defendants deny the allegations in Paragraph 30 of the Complaint.

V.   RELIEF REQUESTED

31. Plaintiffs and the Class pray for a judgment against Defendants as follows:

(a) For their economic damages, administrative costs and out of pocket expenses caused by defendant insurer's unlawful and unfair geographic database practice ;

(b) For treble damages under the Consumer Protection Act, RCW 19.86 et seq.;

(c) For their attorney fees and litigation costs and expenses in the maximum amount permitted under the Washington Consumer Protection Act. RCW 19.86 et seq.

(d) For injunctive relief enjoining each of the three defendant insurers from continuing their geographic database practice.

(e) For such further or additional legal or equitable relief permitted by law.

ANSWER: Defendants deny that Plaintiffs or the class are entitled to any of the relief sought in Paragraph 31 of the Complaint.

41434382.1
DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 *et seq.*– 7
SLF6892,056/4458698X
41573970.1

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## AFFIRMATIVE DEFENSES

1. As a member of the *Lebanon* settlement class, Thomas, and by extension Capitol Hill Chiro, are barred from suing Defendants over the practices alleged since the settlement agreement in that case included a court-approved stipulation that the practices challenged by Plaintiffs' complaint do not violate any legal duty of Defendants and a covenant not to file or participate in any legal proceeding claiming otherwise. Specifically, Paragraph 29 of the *Lebanon* Settlement Agreement provides, "In exchange for the consideration described in paragraph 28, above, and on the terms set forth in this Stipulation, Plaintiff, on behalf of itself and all members of the Settlement Class, hereby agrees to … B. stipulate that Liberty's payment of Future Claims in accordance with paragraph 28(A)(i), above, does not breach any duty or obligation under any applicable law or contract requiring Liberty to pay or reimburse usual, customary, or reasonable charges for Covered Treatments; and C. refrain from asserting, initiating, filing, commencing, prosecuting, or maintaining in any action or proceeding of any kind, whether before any court, agency, or arbitrator, any challenge of any kind to Liberty's payment of Future Claims in accordance with paragraph 28(A)(i), above."

2. Plaintiffs' claims, and that of the purported class, are barred in whole, or in part, by the operation of the four-year statute of limitations governing Consumer Protection Act claims. RCW 19.86.120.

3. The billed charges at issue were unreasonable for the services provided and would have been properly reduced by Defendants, regardless of their purported "geographic database practice."

4. Because the Office of the Insurance Commissioner expressly approved Defendants' "geographic database practice," Defendants' conduct is immune from suit under

41434382.1
DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 *et seq.*– 8
SLE6892.056/4458698X
41573970.1

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

the safe harbor provisions of the Consumer Protection Act.

5. Because the Office of the Insurance Commissioner expressly approved Defendants' "geographic database practice," Defendants' conduct is immune from suit as an act performed in good faith under an arguable interpretation of existing law.

6. The relief requested in Plaintiffs' Complaint is barred to the extent that no actual and justiciable controversy exists among the parties and/or to the extent that it does not set forth any actual controversy upon which a judgment may be rendered with respect to Plaintiffs' claims against Defendants.

7. Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

## COUNTERCLAIM FOR DECLARATORY JUDGEMENT

Defendant First National Insurance Company of America ("First National") complains of Plaintiff/Counter-Defendant, BC Chiropractic ("Cooper Chiro"), as follows:

### I. THE PARTIES

1. Cooper Chiro is a medical provider located in Vancouver, Washington.

2. First National is a New Hampshire company with its headquarters in Boston, Massachusetts. First National is licensed to do business in Washington.

### II. JURISDICTION

3. The Court has original subject matter jurisdiction over First National's counterclaim pursuant to 28 U.S.C. § 1332(a). The counterclaim parties are citizens of different States, and the amount of controversy as to First National's claim exceeds $75,000, exclusive of interest and costs.

41434382.1
DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 *et seq.*– 9
SLE6892.056/4458698X
41573970.1



WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## II. FACTS

1. **At all** times relevant, First National sold and administered automobile insurance policies with Personal Injury Protection ("PIP") coverage.

2. During the Relevant Time Period, Cooper Chiro provided health care services in treating one or more patients who had PIP coverage from First National.

3. Cooper Chiro billed First National for the treatment services for its insureds.

4. First National determined that Plaintiff's treatment services provided to its insureds were covered under its PIP coverage.

5. For one or more of the covered treatment services, First National paid less than 100% of Plaintiff's billed charges for the medical services provided and instead paid the eightieth percentile charge for the treatment in the geozip where Cooper Chiro was located using a FAIR Health database because that was the a reasonable amount for those charges within the meaning of First National's policies ("bill review practice").

6. First National's PIP policies describe its bill review practice, stating that, in determining a reasonable payment for PIP-covered medical services, First National will pay the lowest of (1) the charge billed by the medical provider; (2) the eightieth percentile for that charge for that covered treatment in the geozip area where the provider is located, as determined through the use of a FAIR Health or similar database; (3) the amount authorized by a state mandated fee schedule or by another law or regulation; or (4) the amount authorized by a written PPN or PPO agreement to which the provider is a party.

41434382.1
DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 *et seq.*– 10
SLF6892,056/4458698X
41573970.1



1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

7.  First National has been following this bill review practice at all times since it entered into a multistate class settlement that was approved by the Illinois courts in *Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual Ins. Co.*, 2016 IL App. (5th), 150111-U, 2016 WL 546909 (Feb. 9, 2016). The Washington Supreme Court held that the *Lebanon* settlement is fully enforceable in this state. *Chan Healthcare Group, PS v. Liberty Mut. Fire Ins. Co.*, 192 Wn.2d 516, 525, 431 P.3d 484 (2018).

8.  On July 19, 2016, representatives of First National and other Liberty affiliates met in person with the staff of the OIC. During that meeting, Liberty representatives explained that, despite the *Lebanon* settlement, Liberty entities were still having to litigate suits challenging the legality of the bill review practice. The OIC invited Liberty to submit policy contained a detailed description of the bill review practice, including the features identified in paragraph 9, above.

9.  Liberty submitted the requested policy forms ("Policy Forms") on August 16, 2016. In doing to, Liberty specifically highlighted the description of its bill review practice set forth in paragraph 9, above. Through its staff in the Rates and Forms Division, the OIC conducted a review of the Policy Forms and the bill review practice described in them. Based on that review, the OIC formally approved the bill review practice described in the Policy Forms and authorized First National to use the Policy Forms for new and existing policyholders on October 1, 2016 and November 4, 2016, respectively.  In doing so, the OIC issued the following written notation: "We have reviewed this filing and approve it for use in the state of Washington."

41434382.1
DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 *et seq.*– 11
SLE6892,056/4458698X
41573970.1



1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

10. In April 2020, Toni Hood, then the OIC's Deputy Insurance Commissioner, submitted a declaration on behalf of the OIC, which confirmed that, in approving First National's Policy Forms, the OIC had determined that the practices described in them did not violate Washington law. In 2021, the OIC reaffirmed in deposition testimony that it still approved First National's bill review practice, as described in the Policy Forms.

### III. DISPUTE OVER THE VALIDITY OF FIRST NATIONAL'S BILL REVIEW PROCESS

1. There currently exists a dispute between First National and Cooper Chiro (and certain other Washington providers it seeks to represent) over the legality of First National's bill review practice.

2. As set forth in its Complaint, Cooper Chiro claims that the practices violate the Washington Insurance Code and applicable WAC regulations governing insurer's claims-handling obligations, and therefore can be challenged as an "unfair practice" under the CPA. For its part, First National claims that its bill review practice is legal and, in any event, that First National is immune from CPA claims under the Act's "safe harbor" provisions, RCW 19.86.170. First National further contends that it is protected against Cooper Chiro's claims by the "good faith" defense set forth in *Leingang v. Pierce County Medical Bureau*, 131 Wn.2d 133, 930 P.2d 288 (1997).

3. First National is entitled to a declaration pursuant to 28 U.S.C. § 2201 that its bill review practice does not violate the CPA in light of the OIC's repeated, affirmative approvals of those practices and of First National's Policy Forms.

41434382.1
DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 *et seq.*– 12
SLF6892,056/4458698X
41573970.1

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

4.      As the state agency tasked with interpreting the Insurance Code and insurance-related regulations and ensuring that insurers comply with those obligations for claims handling and payment, the OIC's affirmative approvals of First National's bill review practice and Policy Forms mean that it concluded that the practice is lawful and not a violation of Washington law. The OIC's approvals mean that practice falls within the safe harbor provisions of RCW 19.86.170 since, by approving its practice and Policy Forms, the OIC expressly "permitted" First National to engage in that practice pursuant to the Insurance Code, Title 48 RCW.

5.      At all relevant times, First National was entitled to rely, and did in fact rely, in good faith on the OIC's approvals of its bill review practice, which reflected the OIC's interpretation and application of applicable Washington law.  If First National were required to change its bill review practice, doing so would cost the company hundreds of thousands of dollars and result in more frequent exhaustion of its insureds' limited PIP policy coverages.

### PRAYER FOR RELIEF

WHEREFORE, First National respectfully prays that this Court enter judgment in its favor and against Plaintiff Cooper Chiro dismissing Plaintiff's Complaint with prejudice.  First National also prays that the Court enter a declaratory judgment in First National's favor, as set forth herein.  Finally, First National prays that the Court enter an award in its favor of its costs; and such additional relief, in law or in equity, as the Court deems equitable, appropriate, and just.

41434382.1
DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 *et seq.*– 13
SLE6892.056/4458698X
41573970.1

WILSON SMITH COCHRAN DICKERSON
1000 Second Avenue, Suite 2050
Seattle, Washington 98104
Telephone: (206) 623-4100
Fax: (206) 623-9273

DATED this 20th day of June, 2023.

        *s/ Sarah L. Eversole*
Sarah L. Eversole, WSBA# 36335
WILSON SMITH COCHRAN DICKERSON
1000 Second Ave., Suite 2050
Seattle, WA 98104
206-623-4100 T | 206-623-9273
eversole@wscd.com

James A. Morsch, Admitted *Pro Hac Vice*
SAUL EWING LLP
161 North Clark Street, Suite 4200
Chicago, IL 60601
312-876-7866 P | 312-876-0288 F
jim.morsch@saul.com

Attorneys for Defendants

41434382.1

DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 *et seq.*– 14
SLE6892.056/4458698X
41573970.1



WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

# CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

<u>Attorney for Plaintiff</u>
David E. Breskin
Cynthia J. Heidelberg
BRESKIN JOHNSON & TOWNSEND
1000 Second Ave., Suite 3670
Seattle, WA  98104
dbreskin@bjtlegal.com; cheidelberg@bjtlegal.com; admin@bjtlegal.com

SIGNED this 20th day of June, 2023, at Seattle, Washington.

                                          *s/ Traci Jay*
                                          Traci Jay

41434382.1
DEFS' AMENDED ANSWER TO CLASS ACTION COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT, AND COUNTERCLAIM RCW 19.86 et seq.– 15
SLF6892.056/4458698X
41573970.1



WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273