UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COGENT BRAIN, PS,<br><br>        Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, INC., a Washington corporation, and FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a Washington corporation; LIBERTY MUTUAL FIRE INSURANCE CO. and LIBERTY MUTUAL INSURANCE COMPANY, foreign insurance companies,<br><br>        Defendants. | Case No. 2:23-cv-00544 RSM<br><br>ORDER DENYING DEFENDANTS' MOTION TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT |

## I.     INTRODUCTION

This matter comes before the Court on Defendants Safeco Insurance Company of America, Inc., First National Insurance Company of America, Liberty Mutual Fire Insurance Co., and Liberty Mutual Insurance Company's (hereafter "Liberty")'s Motion to Certify Questions to Washington Supreme Court. Dkt. #14. Liberty argues that the following questions should be certified: (1) as to bill reductions taken after 2016, do the OIC's approval of Liberty's PIP policy language and its testimony reaffirming its opinion that Liberty's bill review practice is legal establish a CPA "safe harbor" defense; and (2) as to bill reductions taken after 2016, do the OIC's approval of Liberty's PIP policy language and its testimony reaffirming its opinion that Liberty's bill review practice is legal establish a "good faith" defense. *Id*. at 10.

ORDER DENYING DEFENDANT'S MOTION TO CERTIFY QUESTIONS TO
WASHINGTON SUPREME COURT - 1

## II.     BACKGROUND

Cogent Brain, PS filed class actions in King County Superior Court on March 7, 2023, alleging that Liberty's common PIP practice of denying full payment of covered PIP claims based solely on a geographic database without an individualized assessment of the reasonableness of the charge is unlawful under Washington law. Dkt. #1-1. Liberty removed these cases on April 10, 2023, asserting diversity jurisdiction under the Class Action Fairness Act ("CAFA"), Dkt. #1, and on May 3, 2023, the parties requested that the cases be consolidated. Dkt. #11. The Court granted the parties' requested order on May 5, 2023. Dkt. #12. Liberty now requests that the Court certify its questions to the Supreme Court because state law is not settled on the issue of whether the OIC's 2016 approval of Liberty's PIP language establishes "safe harbor" and "good faith" defenses. Dkt. # 14. Cogent urges the Court to deny Liberty's request for four reasons: (1) the Court does not have authority to issue an order certifying questions to the Washington Supreme Court when a motion to remand is pending; (2) the local law is "clearly determined;" (3) a stay of proceedings mitigates the risk of inconsistent decision; and (4) Liberty's proposed certified questions are arguments not questions. Dkt. #17.

## III.     DISCUSSION

RCW 2.60.020 states:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the [Washington] supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

The certification process serves the important judicial interests of efficiency and comity. As noted by the United States Supreme Court, certification saves "time, energy and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). The

ORDER DENYING DEFENDANT'S MOTION TO CERTIFY QUESTIONS TO
WASHINGTON SUPREME COURT - 2

decision whether to certify a question to the Washington Supreme Court rests in the discretion of the federal court considering certification. *Murray v. BEJ Mins., LLC*, 924 F.3d 1070, 1071 (9th Cir. 2019) (citing *Lehman Bros.*, 416 U.S. at 391). However, even when state law is unclear, the court is not obligated to use the certification process. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th Cir. 2009) (citing *Lehman Bros.*, 416 U.S. at 390). In deciding whether to exercise discretion, the Court considers: "(1) whether the question presents important public policy ramifications yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) the spirit of comity and federalism." *Murray*, 924 F.3d at 1072.

As an initial matter, the Court will not consider whether it is appropriate for a federal court to certify questions to state court when a motion to remand is pending because such motion has not yet been filed.

Liberty has not provided a compelling reason for certification under the *Murray* factors. Liberty argues that previous cases do not address whether the OIC's approval of the 2016 policy language and its subsequent testimony can support a "safe harbor" defense under RCW 19.86.170 and a "good faith" defense under *Leingang v. Pierce County Med. Bureau*, 131 Wn.2d 133, 155, 930 P.2d 288 (1997). It also argues that a pending case before the Washington Supreme Court, *Stan Schiff, M.D., Ph.D. v. Liberty Mut. Fire Ins. Co.*, No. 101576-3, although it will address the PIP policy of the instant Defendant, will likely not address the OIC's 2016 approval of Liberty's policy language since *Schiff* deals with bill reductions that took place prior to 2016. However, Washington courts have ruled on similar issues in the past. *See Schiff v. Liberty Mut. Fire Ins. Co.*, 24 Wn.2d 513, 520 P.2d 1085 (2022) (holding that Liberty's practice of determining reasonableness of medical expenses violated the CPA and further dismissing Liberty's defenses

ORDER DENYING DEFENDANT'S MOTION TO CERTIFY QUESTIONS TO WASHINGTON SUPREME COURT - 3

based on the safe harbor and good faith exceptions to CPA liability); *Folweiler Chiropractic, PS v. Am. Fam. Ins. Co.*, 5 Wn. App. 2d 829, 429 P.3d 813 (2018) (holding that the American Family Insurance Co.'s practice of relying on a computer database to determine payment of all medical expense bills submitted by Washington providers was an unfair CPA practice).

These prior rulings and the pending case before the Washington Supreme Court shed light on the issue before this Court. It is possible that the Court could rule on any legal issues now, without burdening the Washington State Supreme Court with questions that are already before it. However, the Court further finds that a stay is warranted since it is likely that the pending state Supreme Court case will have an impact on the arguments to be made here. This stay is requested by Cogent in the alternative and Liberty appears to agree that this is appropriate alternative relief. *See* Dkt. #17 at 14; Dkt. #19 at 7.

### IV.   CONCLUSION

Having reviewed the briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Certify Questions to the Washington Supreme Court, Dkt. #14, is DENIED. The case is STAYED, and the parties are DIRECTED to notify the Court once the Washington State Supreme Court issues a decision on *Stan Schiff, M.D., Ph.D v. Liberty Mut. Fire Ins. Co.*, No. 101576-3.

DATED this 30th day of June, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE